RP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| William Lamonte Bodney,<br>　　　　Plaintiff,<br>　　v.<br>Pima County Sheriff's Department, et al.,<br>　　　　Defendants. | CV-06-15-TUC-CKJ<br><br>**O R D E R** |

William Lamonte Bodney (Plaintiff), presently confined in the Pima County Jail in Tucson, Arizona, filed with the Clerk of the Court on January 11, 2006 a <u>pro se</u> "Notice To File Formal Complaint Pursuant To: 42 USC § 1983; and Notice To Extend Time To File Complaint, ARS § 12-821.01, § C" (Document #1) (Complaint). Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but instead has filed with the Complaint a certified "Application To Proceed <u>In Forma Pauperis</u> By A Prisoner (Habeas)" (Application To Proceed) and a print-out of his "Inmate Cash Account File" (Account Statement).

**APPLICATION TO PROCEED AND FILING FEE**

Plaintiff's certified Application To Proceed and Account Statement filed with the Complaint make the showing required by 28 U.S.C. § 1915(a).

JDDL

- 1 -

1  Accordingly, Plaintiff's Application to Proceed will be granted.

2  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory
3  filing fee of two hundred and fifty dollars ($250.00) for this action. Based on the
4  average monthly deposits in Plaintiff's account for six (6) months immediately
5  preceding the filing of the Complaint, an initial partial filing fee of two dollars and
6  thirty-three cents ($2.33) will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

7  By separate order, the Court will direct the appropriate agency to collect the
8  initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of
9  the Court. Thereafter, Plaintiff will be obligated for monthly payments of twenty
10 percent (20%) of the preceding month's income credited to Plaintiff's trust
11 account. These payments will be forwarded by the appropriate agency to the Clerk
12 of the Court each time the amount in Plaintiff's account exceeds ten dollars
13 ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

14 Plaintiff should take notice that if he is released before the filing fee is paid
15 in full, he must pay the remaining unpaid amount of the filing fee within one
16 hundred and twenty (120) days of the date of his release. If Plaintiff fails to pay
17 the remainder of the filing fee within one hundred and twenty (120) days of the
18 date of his release, the action will be dismissed, unless Plaintiff shows good cause,
19 in writing, why he is unable to pay the remainder of the filing fee.

20 Plaintiff also should take notice that a prisoner may not bring a civil action
21 without complete prepayment of the appropriate filing fee if the prisoner has
22 brought, on three (3) or more occasions, an action or appeal in a federal court that
23 was dismissed as frivolous, as malicious, or for failure to state a claim upon which
24 relief may be granted, unless the prisoner is in imminent danger of serious physical
25 injury. 28 U.S.C. § 1915(g).

### STATUTORY SCREENING OF PRISONER COMPLAINTS

27 The Court is required to screen complaints or amended complaints brought
28 by prisoners seeking relief against a governmental entity or officer or employee of

**JDDL**  - 2 -

a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

## COMPLAINT NOT ON COURT-APPROVED FORM

Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires in part that "[a]ll complaints and applications to proceed [in forma pauperis] by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." However, Plaintiff's Complaint is not on a Court-approved form as required by LRCiv 3.4(a). Accordingly, Plaintiff's Complaint will be dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint on a Court-approved form. Plaintiff is cautioned that if he fails to file his amended complaint on the Court-approved form included with this Order, it will be stricken, and the action dismissed without further notice to Plaintiff.

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order and may not incorporate any part of the original Complaint by reference. If Plaintiff cannot fit all of his supporting facts in favor of a particular count on the Court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular count on the Court-approved form, and be numbered appropriately. Plaintiff may only address one (1) issue in each count.

If Plaintiff chooses to file an amended complaint, he should take notice that an amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios

v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King, 814 F.2d at 567.

### WARNING

Plaintiff is warned that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice. See Ferdik, 963 F.2d at 1260-61 (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's "Application To Proceed In Forma Pauperis By A Prisoner (Habeas)" filed with the Complaint is GRANTED;

(2) That Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred and fifty dollars ($250.00) for this action. Plaintiff is ASSESSED an initial partial filing fee of two dollars and thirty-three cents ($2.33). All fees shall be collected and paid in accordance with this Court's Order to the Pima County Sheriff filed concurrently herewith;

(3) That Plaintiff's "Notice To File Formal Complaint Pursuant To: 42 USC § 1983; and Notice To Extend Time To File Complaint, ARS § 12-821.01, § C" (Document #1) (Complaint) is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. Plaintiff shall have thirty (30) days from the filing date of this Order to amend his Complaint in order to file an amended complaint on a complete Court-approved form, stating specific allegations of deprivation of constitutional rights against proper defendant(s), naming as defendant(s) the individual(s) who participated in the activities alleged, and stating what injury, if any, he has suffered as a result of the activities of the defendant(s). The amended complaint must be retyped or rewritten in its entirety on a current, Court-approved form and may not incorporate any part of the original Complaint by reference. If

Plaintiff fails to file the amended complaint on a Court-approved form, it will be stricken, and the action dismissed without further notice to Plaintiff. Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document;

(4) That the Clerk of the Court is DIRECTED to enter a judgment of dismissal without prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days from the filing date of this Order;

(5) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 5.4, Local Rules of Civil Procedure (LRCiv). **Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff**;

(6) That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

//
//
//
//
//

1  (7) That the Clerk of the Court is DIRECTED to provide Plaintiff with a
2 current Court-approved form for filing a civil rights complaint pursuant to 42
3 U.S.C. § 1983.

6  DATED this 26th day of January, 2006.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge